# EXHIBIT A

Shawn C. Westrick (SBN No. 235313)
Kawahito Westrick LLP
1990 S. Bundy Dr., Ste. 280
Los Angeles, California 90025
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Sanford A. Kassel (SBN No. 100681)
Sanford A. Kassel, APC
334 W. 3rd St., #207
San Bernardino, CA 92401
Telephone: (909) 884-6451
Facsimile: (909) 884-8032

Attorneys for Plaintiffs and Class Members

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 1 5 2015

By _____ Deputy
SANDRA ORTEGA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| NICOLE TORRES, TANYA COLLINS, ANDREW HOEFLIN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number: CIVDS 1513201<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 221, 400-410 (Unlawful Deductions from Wages);<br><br>(2) Violation of California Labor Code §§ 510 and 1198 (Unlawful Failure to Pay Overtime);<br><br>(3) Violation of California Labor Code §§ 226.7(a) and 512(a) (Unpaid Missed Meal Breaks);<br><br>(4) Violation of California Labor Code § 226.7(a) (Unpaid Missed Rest Breaks);<br><br>(5) Violation of California Labor Code §§ 201 and 202 (Failure to Pay Wages at Termination or Discharge); and<br><br>(6) Violation of California Business & Professions Code § 17200, et seq. (Unfair Competition)<br><br>Jury Trial Demanded |

Plaintiffs Nicole Torres, Tanya Collins and Andrew Hoeflin (hereinafter "Plaintiffs"), individually and on behalf of all other similarly situated putative class members, alleges as follows:

## JURISDICTION AND VENUE

1) This action is brought as a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. The amount in controversy for the class representatives, including their claims for compensatory damages and pro rata share of attorney fees, is less than $75,000 per person.

2) This Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3) This Court has jurisdiction over all Defendants due to their sufficient minimum contacts in California as well as the fact that they have intentionally availed themselves of the California market to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4) Venue is proper in this Court because, upon information and belief, Defendant is an out-of-state corporation and transacts business in San Bernardino County.

## THE PARTIES

5) Plaintiffs Nicole Torres is a resident of Riverside County in the State of California.

6) Plaintiffs Tanya Collins is a resident of Riverside County in the State of California.

7) Plaintiffs Andrew Hoeflin is a resident of Riverside County in the State of California.

8) Defendant Walls Fargo Bank, N.A. ("Defendant") was and is, upon information and belief, a South Dakota corporation with its principal place of business in California, and at all times hereinafter mentioned, is an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

9) Plaintiffs is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474, once their names and capacities become known.

10) Plaintiffs is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant Walls Fargo Bank, N.A. and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policies of Defendant Walls Fargo Bank, N.A.

11) At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendant, and each of them, aided and abetted the acts and omissions of each and all the other Defendant in proximately causing the damages herein alleged.

12) Plaintiffs is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

13) Plaintiffs brings this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

14) All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

15) The proposed class consists of and is defined as:

> All persons who have been employed by Defendant in the State of California within the relevant time periods prior to the filing of this complaint until resolution of this lawsuit and who held or hold the positions of Home Mortgage Consultants or other titles with similar

job duties.

16) There is a well defined community of interest in the litigation and the class is easily ascertainable:

  a. <u>Numerosity</u>: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time, however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment records.

  b. <u>Typicality</u>: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

  c. <u>Adequacy</u>: Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member. Plaintiffs' attorneys and the proposed class counsel are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action will continue to incur costs and attorney's fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

  d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

  e. <u>Public Policy Considerations</u>: Employers of the State violate employment and labor laws frequently. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their

former employers may damage their future endeavors through negative references and/or other means. Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

17) There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

    a. Whether Defendant made unlawful deductions from the wages of Plaintiffs and other Class Members;

    b. Whether Defendant required Plaintiffs and the other Class Members to work over eight (8) hours per day or over forty (40) hours per week and failed to pay legally required premium overtime compensation to Plaintiffs and the other Class Members based on the improper deductions from the wages made by Defendant;

    c. Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

    d. Whether Defendant had a policy of paying one hour of pay for each meal break missed by an employee;

    e. Whether Defendant had a policy of paying one hour of pay for each rest break missed by an employee;

    f. Whether Defendant's conduct was willful or reckless;

    g. Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.; and

    h. The appropriate amount of damages, restitution or monetary penalties resulting from Defendant's violations of California law.

## FACTUAL ALLEGATIONS

18) At all times set forth, Defendant employed Plaintiffs and other similarly situated persons in the capacity of Home Mortgage Consultants or related positions.

19) Plaintiffs are, and have been employed by Defendant as Home Mortgage Consultants.

1 | Plaintiff Torres worked at the Chino Hills branch. She was employed from July 2013 through September 2015. Plaintiff Collins worked at the Moreno Valley branch and transferred to the China Hills branch. She has been employed by Defendant since December 2009. Plaintiff Hoeflin worked at the Moreno Valley branch. He was employed from July 1995 through March 2004 and from January 2005 through March 2014.

20) Defendant continues to employ Home Mortgage Consultants and other employees with similar job duties within California.

21) Plaintiffs is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

22) Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Defendant was prohibited from improperly deducting wages from the Plaintiffs and the other Class Members.

23) Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to receive premium wages for overtime compensation and that they were not receiving premium wages for overtime compensation due to improper deductions made to Plaintiffs' wages.

24) Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class members were entitled to receive all required meal breaks or payment of one hour of pay when a meal break was missed.

25) Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class members were entitled to receive all required rest breaks or payment of one hour of pay when a rest break was missed.

26) Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant knew or should have known they had a duty to properly compensate Plaintiffs and the other Class Members, and that Defendant had the financial ability to pay such

compensation, but willfully, knowingly, and intentionally failed to do so in order to increase Defendant's profits.

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 221, 400-410

27) Plaintiffs incorporate by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 26.

28) California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under the California Labor Code.

29) California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages.

30) California Labor Code §§ 400-410 provide that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary costs of doing business to the employee.

31) 8 Cal. Code Regs. § 11040(8) provides,

> No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

32) Defendant made improper deductions from Plaintiffs and the other Class Members' wages, including, but not limited to, when clients did not pay certain fees, including, but not limited to, credit report fees and fees for appraisals. Thus, at all material times set forth herein, Plaintiffs and the other Class Members were forced to contribute to the capital and expenses of Defendant's businesses, which constitutes putting up a cash bond and must be refunded by Defendant to Plaintiffs and the other Class Members.

33) Plaintiffs and the other Class Members are entitled to recover from Defendant the wages improperly deducted by Defendant's actions.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

34) Plaintiffs incorporate by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 33.

35) At all times herein set forth, California Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").

36) At all times herein set forth, the IWC Wage Order applicable to Plaintiffs and the other Class Members' employment by Defendant, has provided that employees working for more than eight (8) hours in a day, or more than forty (40) hours in a workweek, are entitled to payment at the rate one and one-half times his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.

37) California Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

38) During the relevant time period, Plaintiffs and the other Class Members consistently worked in excess of eight (8) hours in a day or forty (40) hours in a week.

39) During the relevant time period, due to Defendant's improper deductions from Plaintiffs' and other Class Members' wages, overtime compensation was paid at a lower rate than it ought to have been.

40) Defendant's failure to pay Plaintiffs and other Class Members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

41) Pursuant to California Labor Code § 1194, Plaintiffs and other Class Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorney's fees.

### THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7(a) and 512(a)

42) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43) At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under the California Labor Code.

44) At all times herein set forth, California Labor Code § 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

45) At all times herein set forth, California Labor Code § 512(a) provides that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours the meal period may be waived by mutual consent of both the employer and the employee.

46) California Labor Code § 512(a) further provides that an employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

47) During the relevant time period, Plaintiffs and other Class Members who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without a meal period of not less than thirty minutes.

48) During the relevant time period, Plaintiffs and other Class Members who were scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive

their legally-mandated meal periods by mutual consent were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes.

49) During the relevant time period, Plaintiffs and other Class Members who were scheduled to work in excess of twelve hours were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes.

50) During the relevant time period, the Defendant required Plaintiffs and other Class Members to work during meal periods and failed to compensate Plaintiffs and the other Class Members for work performed during meal periods.

51) Defendant's conduct violates applicable orders of the IWC and California Labor Code §§ 226.7(a) and 512(a).

52) Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided, for a four-year statutory period from the date of the commencement of this action.

### FOURTH CAUSE OF ACTION

#### Violation of California Labor Code § 226.7(a)

53) Plaintiffs incorporate by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 52.

54) California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under the California Labor Code.

55) California Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

56) During the relevant time period, the Defendant required Plaintiffs and the other Class Members to work during rest periods and failed to compensate Plaintiffs and the other Class Members for work performed during rest periods.

57) Defendant's conduct violates applicable orders of the IWC, and California Labor Code § 226.7(a).

58) Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a four-year statutory period from the date of the commencement of this action.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

59) Plaintiffs incorporate by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 58.

60) At all times herein set forth, California Labor Code sections 201 and 202 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

61) During the relevant time period, Defendant willfully failed to pay Plaintiffs and the other Class Members who are no longer employed by Defendant their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

62) Defendant's failure to pay Plaintiffs and those class members who are no longer employed by Defendant their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ, is in violation of California Labor Code §§ 201 and 202.

63) California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with Sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

64) Plaintiffs and other class members are entitled to recover from Defendant the statutory

penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200, et seq.**

65) Plaintiffs incorporate by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 64.

66) Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other Class Members, and to the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

67) Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

68) Defendant's acts constitute violation of, *inter alia*, California Labor Code §§ 221, 226.7, 510, 512 and 1194. In addition, a violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any federal law.

69) Plaintiffs and the putative Class Members have been personally aggrieved by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to by the loss of money or property.

70) Pursuant to California Business & Professions Code § 17200, et seq., Plaintiffs and the putative Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendant to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorney's fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

### REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representative of the Class; and

3. That counsel for Plaintiffs be appointed as Class counsel.

### As to the First Cause of Action

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

### As to the Second Cause of Action

1. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

3. For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

4. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

1. For payments pursuant to California Labor Code § 226.7(b);

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

### As to the Fourth Cause of Action

1. For payments pursuant to California Labor Code § 226.7(b);
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court may deem appropriate.

### As to the Fifth Cause of Action

1. For all actual, consequential, and incidental losses and damages, according to proof;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court may deem appropriate.

### As to the Sixth Cause of Action

1. For disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;
2. For restitution of "unpaid wages" to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;
3. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business & Professions Code § 17200 et seq.;
4. For reasonable attorney's fees that Plaintiffs and other Class Members are entitled to recover under California Code of Civil Procedure § 1021.5;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem equitable and appropriate.

\\\
\\\
\\\

Dated: September 14, 2015

Respectfully Submitted,

By: _____
SHAWN C. WESTRICK
KAWAHITO WESTRICK LLP
Attorneys for Plaintiffs/Class Members