SHAWN C. WESTRICK (SBN 235313)
*SWestrick@kswlawyers.com*
KAWAHITO WESTRICK LLP
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Telephone:  (310) 746-5300
Facsimile:   (310) 593-2520

Attorneys for Plaintiffs
Nicole Torres, Tanya Collins &
Andrew Hoeflin

MALCOLM A. HEINICKE (SBN 194174)
*Malcolm.Heinicke@mto.com*
MARJA-LIISA OVERBECK (SBN 261707)
*Mari.Overbeck@mto.com*
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-seventh Floor
San Francisco, CA 94105-2907
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendant
Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE TORRES, TANYA COLLINS, ANDREW HOEFLIN, individually, and on behalf of other members of the general public similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A., a national association; and DOES 1 through 10, inclusive,<br><br>  Defendant. | Case No. 15-CV-02225-PSG-KK<br><br>[Assigned to the Hon. Philip S. Gutierrez]<br><br>[~~PROPOSED~~] **AMENDED STIPULATED PROTECTIVE ORDER**<br><br>PLEASE NOTE CHANGES MADE BY THE COURT |

1. **PURPOSES AND LIMITATIONS & GOOD CAUSE STATEMENT**

As set forth in more detail below, disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

More specifically, this action is likely to involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that (1) this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal, and (2) any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.

**2.     DEFINITIONS**

2.1   <u>Action</u>:  the action listed in the above caption.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"Confidential" Information or Items</u>:  any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or other entities (including, but not limited to, name, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information), or other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  For purposes of this Order, "Confidential" information shall also include Non-Party Borrower Information (as defined below).  Confidential information includes, but is not limited to:

(a) trade secrets as defined in California Civil Code section 3426.1;

(b) information about current, past, or prospective employees that is of a confidential or private nature;

-3-
[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

(c) personal and financial information of customers;

Confidential information or items do not include information made available to the public.

2.4 <u>Counsel</u>: attorneys retained by the Parties in this Action (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, testimony, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

2.7 <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as a testifying or consulting expert in the Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9 <u>Non-Party Borrower Information</u>: for purposes of this Order, Non-Party Borrower Information shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's

eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

2.10   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

1  information lawfully and under no obligation of confidentiality to the Designating
2  Party.
3  ~~All Protected Material contained in documents designated as Confidential~~
4  ~~used in connection with any dispositive motion, at trial, and in all post-trial~~
5  ~~proceedings shall become public unless a separate court order is obtained upon~~
6  ~~noticed motion. In that respect, nothing herein shall prejudice any Parties' rights to~~
7  ~~object to the introduction of any Protected Material into evidence, on grounds,~~
8  ~~including relevance and privilege.~~

9  **4.      DURATION**

10      Even after final disposition of this litigation, the confidentiality obligations
11  imposed by this Order shall remain in effect until a Designating Party agrees
12  otherwise in writing or a court order otherwise directs. Final disposition shall be
13  deemed to be the later of (1) dismissal of all claims and defenses in this action, with
14  or without prejudice; and (2) final judgment herein after the completion and
15  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
16  including the time limits for filing any motions or applications for extension of time
17  pursuant to applicable law.

18  **5.      DESIGNATING PROTECTED MATERIAL**

19      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
20      Each Party or Non-Party that designates information or items for protection
21  under this Order must take care to limit any such designation to specific material
22  that qualifies under the appropriate standards. The Designating Party must designate
23  for protection only those parts of material, documents, items, or oral or written
24  communications that qualify – so that other portions of the material, documents,
25  items, or communications for which protection is not warranted are not swept
26  unjustifiably within the ambit of this Order.
27      However, in order to expedite production of voluminous materials, a
28  Designating Party may, at its sole option, but is not required to, produce materials

without a detailed review.  In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  The materials that may be so designated shall be limited to Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, or such other categories as the Parties agree to in writing or the Court orders.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated by the Parties or ordered by the Court, any Party may designate as "Confidential" any Discovery Material, or portion thereof:

(a)  <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation shall be made either by notation on the document affixing the legend "Confidential" to each page that contains protected material, by notation in the filename and/or metadata, or by written notice to Counsel for the Parties if the aforementioned forms of designation are infeasible.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" legend to each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, designation shall be made by notifying all Counsel of those portions which are to be stamped "Confidential" or otherwise treated as such either by statement on the record of the deposition, hearing, or other proceeding, or in writing at any time up to thirty (30) calendar days after the transcript is made available to the Designating Party. Prior to the expiration of that 30-day period (or until a designation is made, if such designation is made in a shorter period of time), all such Discovery Material shall be treated as Protected Material.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, designation shall be made by affixing the "Confidential" legend in a prominent place on the exterior of the container or containers in which the information or item is stored.

    5.3    <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time after its discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party shall inform the Receiving Party within a reasonable time after its discovery. The Receiving Party shall thereafter treat the information as Protected Material. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. In addition, to the extent such information may have been disclosed by the Receiving Party to anyone not authorized to receive Protected Material pursuant to this Order, the Receiving Party shall make commercially reasonable efforts to retrieve the information promptly and to avoid any further disclosure.

**6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

    6.1    <u>Meet and Confer</u>. If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process

by notifying the Designating Party in writing of its challenge and identifying the challenged material by production number. In accordance with Local Rule 37-1, the objecting Party and the Designating Party shall, within ten (10) calendar days after service of the written objections, meet and confer concerning the objection.

6.2 <u>Judicial Intervention</u>. If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the party challenging the designation may seek relief from the Court. Any challenges to a designation of confidentiality may be made at any time that is consistent with the Court's Scheduling Order. The parties will formulate a written stipulation in accordance with Local Rule 37-2. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) calendar days of the ruling.

**7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Moreover, except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, any purpose related to any other

investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and transactions at issue in the Action.

  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may only be disclosed to the following persons:

   (a) the Receiving Party, including current officers, directors, and employees to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action;

   (b) the Receiving Party's Counsel;

   (c) former officers, directors, and employees of the Parties, to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) Experts and/or Consultants (as defined in this Order) retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not relate to the Action;

   (e) the Court and its staff/personnel, ;

   (f) the court reporters and their staff;

(g)  Professional Vendors to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(i)  deponents or witnesses in the Action, and their Counsel, to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information during his or her employment as a result of the substantive nature of his or her employment position;

(k)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(l)  any other person agreed to by the Designating Party in writing, and,

(m)  any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential." Such information produced by Non-Parties in connection with this Action is protected by the remedies

-12-
[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection ("Privileged Material"), and no Producing Party shall have waived any claims or arguments under the inadvertent production doctrine provided that the requirements of Fed. R. Evid. 502(b), subsections (1), (2), and (3) are met. If a Producing Party believes that Privileged Material was inadvertently produced, the Producing Party may notify the Receiving Party of the claim and the basis for the material being privileged or protected. After receipt of such notice, the Receiving Party shall (i) promptly return, sequester or destroy the original and any copies of the Privileged Material in its possession, custody or control; provided that the Receiving Party may choose to retain one copy of such Privileged Material for purposes of objecting to the designation of that material as privileged or protected; (ii) not use or disclose the Privileged Material until the claim is resolved; and (iii) take commercially reasonable steps to retrieve the Privileged Material if the Receiving Party disclosed it before receiving the notice of inadvertent production described in this Section.

Nothing in this Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as privileged or protected, or from preventing any party from seeking further protection for any material it produces in discovery.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**12.   MISCELLANEOUS**

   12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

   12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   12.3   <u>Filing Protected Material</u>.  In the event that before trial in the Action, or in connection with any hearing in or any matter relating to the Action, counsel for any Party determines to file or submit in writing to the Clerk's office any Protected Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed with a request that the documents be filed under seal in accordance with the rules of the Court, and kept under seal until further order of the Court.  The Parties further acknowledge that **any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge**.  Where possible, only confidential

portions of filings with the Court shall be inscribed with the phrase "Confidential — Subject to Court Order." Each Party is authorized hereunder to file a request that any Discovery Materials and/or portions thereof be filed under seal in accordance with this Order and the Court's individual practices. Specifically, a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4 <u>A Designating or Producing Party's Use of Its Own Documents</u>. Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material.

**13. FINAL DISPOSITION**

13.1 Within 60 days after the final disposition of this Action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

1       13.2   Notwithstanding Section 13.1, as to those materials designated as Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in the Action, or filed with this Court, Counsel may retain such documents, even if such materials contain Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material.

       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 19, 2016          Kawahito Westrick LLP
                                    Sanford A. Kassel, APC

                                    By:  */s/ Shawn C. Westrick*
                                           SHAWN C. WESTRICK

                                    Attorneys for Plaintiffs

DATED: July 19, 2016          Munger, Tolles & Olson LLP

                                    By:  */s/ Malcolm A. Heinicke*
                                           MALCOLM A. HEINICKE

                                   Attorneys for Defendant

### FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4, regarding signatures, I attest that concurrence in the filing of the document has been obtained from each of the other signatories listed above.

IT IS SO ORDERED.

Dated: July 20, 2016                                    [signature]
                                               Hon. Kenly Kiya Kato
                                               U.S. Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ *Nicole Torres, et al. v. Wells Fargo Bank, N.A., et al*, (U.S. Dist. Court Central District of California) 15-CV-02225-PSG-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

///
///
///
///

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]